ELIZA WOODS, APPELLEE, v. GEORGE WOODS, APPELLANT.

124 N. W. 2d 197

Filed October 25, 1963. No. 35564.

Stern, Harris & Feldman, for appellant.

Jerome P. Grossman, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This matter arises on a motion for an extension of time for the preparation and filing of a bill of exceptions. Objections to the extension were filed on the ground that no praecipe for a bill of exceptions was filed within the time prescribed by Rule 7c of the Revised Rules of the Supreme Court.

The pertinent part of Rule 7c provides: "The party appealing may order a bill of exceptions by filing in the office of the clerk of the district court a praecipe therefor within the time allowed for filing a notice of appeal." A party appealing may perfect his appeal with or without a bill of exceptions. If he desires a bill of exceptions he must file a praecipe within the time provided in the rule.

In the instant case no praecipe was filed within the time prescribed by Rule 7c. Under Rule 7f an extension of the time provided in Rule 7d can be obtained in accordance with its provisions. Rule 7f provides in part: "Where a bill of exceptions has been ordered according to law by the timely filing of a praecipe, and the court reporter fails to prepare and file the bill of exceptions with the clerk of the district court within the time fixed by Rule 7d, the Supreme Court may, on the motion of any party accompanied by a proper showing, grant

additional time for the preparation and filing of the bill of exceptions under such conditions as the court may require." The filing of a praecipe is therefore a condition precedent to the grant of such extension.

We point out that the filing of a bill of exceptions determines the brief day of the parties under Rule 11a (1). When there is no bill of exceptions, brief days are otherwise fixed by Rule 11a (1). The expedition of litigation in this court requires compliance with the rules. The act of filing a praecipe for a bill of exceptions is a simple one. It works no hardship upon a litigant to determine if he desires a bill of exceptions during the same period of time that he must give his notice of appeal.

We conclude that the filing of a praecipe is essential to the procuring of a bill of exceptions and to the grant of an extension of time for its preparation and filing. No praecipe for a bill of exceptions having been filed in the instant case within the prescribed time, the right to the bill has been lost and an extension of time for its preparation and filing is not authorized. The motion must therefore be denied.

MOTION TO EXTEND TIME FOR PREPARATION AND FILING OF BILL OF EXCEPTIONS DENIED.